IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| LINDA DANIELSON, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| CBE GROUP, | : | |
| Defendant. | : | |

COMPLAINT

Plaintiff Linda Danielson, by her attorney Ray Johnson, for her claims against the Defendant states:

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant CBE violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and for violations of Iowa Code § 537.7103.

II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Danielson is a natural person residing in Des Moines, Iowa.

4. Defendant, CBE Group (hereinafter "CBE"), is a business engaged in the collection of debts in the state of Iowa with its principal place of business located in Waterloo, Iowa.

5. CBE is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Danielson has an alleged debt from Hauge Associates, Inc., which CBE is attempting to collect.

7. On or about August 21, 2013, CBE called Danielson's cell phone at work at approximately 8:30 A.M., and again at 12:00 P.M. in an attempt to collect the alleged debt. Danielson told CBE representative that she couldn't talk at work, and to call back after 4:00 P.M. The next day, CBE called again.

8. Shortly thereafter, Danielson called CBE back after she left work. She told CBE that she was working on financial issues. She specifically asked who the money was owed to, when the bill was incurred, and the amounts. CBE told Danielson they couldn't send anything in writing to her to verify her questions on the debt, because she was in "pre-legal" status. CBE instead demanded that Danielson make payments of $133.30 or otherwise she would be unable to avoid legal action.

9. During this call, on August 22, 2013, Danielson told CBE that she was being represented by an attorney and to discontinue contacting her. Danielson requested that CBE communicate with her attorney, Ray Johnson, and gave CBE his contact information

10. Despite the request to contact her attorney, CBE continuously called, and on September 23, 2013, Danielson once again gave CBE her attorney's contact information. CBE continued to contact Danielson directly.

## V. FIRST CLAIM FOR RELIEF

11. All facts and allegations of this Complaint are incorporated herein by reference.

12. CBE violated the FDCPA. CBE's violations include, but are not limited to, the following:

    a. CBE violated 15 U.S.C. § 1692c(a)(2) by contacting Danielson after she had informed CBE she was represented by an attorney with respect to the debt.

13. As a result of the above violations of the FDCPA, CBE is liable to Danielson for Danielson's statutory damages, actual damages, including damages for emotional distress, costs and attorney's fees.

**WHEREFORE**, Danielson respectfully requests that judgment be entered against CBE for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

D. For such other relief as the Court deems appropriate in the circumstances.

## VI. SECOND CLAIM FOR RELIEF

14. All facts and allegations of this Complaint are incorporated herein by reference.

15. CBE is a "creditor" as defined in Iowa Code § 537.7102(2).

16. The alleged obligation of Danielson to CBE is a "debt" as defined by Iowa Code § 537.7102(3).

17. CBE is a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

18. The foregoing acts, omissions and practices of CBE are violations of Iowa Code § 537.7103, including but not limited to:

    a. CBE violated Iowa Code § 537.7103(1)(f) by taking action prohibited by this chapter or any other law.

    b. CBE violated Iowa Code § 537.7103(5)(e) by contacting the Plaintiff after CBE knew the Plaintiff was represented by an attorney.

19. As a result of the above violations of the Iowa Code, CBE is liable to Danielson for statutory damages, actual damages, including damages for emotional distress, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against CBE for the following:

A. Actual damages.

B. Statutory damages.

C. Costs and reasonable attorney's fees.

D. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

*/s/ Ray Johnson*

RAY JOHNSON
AT0004019
JOHNSON LAW FIRM
950 Office Park Rd.
Suite 221
West Des Moines, Iowa 50265
Phone: 515-224-7090
Fax: 515-222-2656
Johnsonlaw29@aol.com